UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael Anthony Cokley, | Case No. 3:15 CV 2292 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | **ORDER** |
| Erie County Jail, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Michael Anthony Cokley filed the above-captioned action under 42 U.S.C. § 1983 against the Erie County Jail, Erie County Jail Lieutenant T. Proy, and Erie County Sheriff Paul Sigworth. Plaintiff states Proy and Sigworth are sued only in their official capacities. In the Complaint, Plaintiff alleges he was housed in a unit with a violent inmate who attacked him. He asserts claims under the Fourteenth Amendment for failure to protect. He seeks monetary damages.

### I. Background

Plaintiff claims he was attacked by a violent inmate in the segregation unit of the Erie County Jail on October 11, 2015. He and other inmates were watching a football game when inmate Engle got up and changed the channel with only ten minutes left to the game. Plaintiff challenged the action and Engle became agitated. He used profanity at Plaintiff and spit on him. At that point, the inmates began fighting. Plaintiff alleges Engle threw the first punch. Plaintiff fell, and Engle took advantage of the situation by landing several blows to Plaintiff's face. A corrections officer

...

intervened. Plaintiff was placed in isolation while Engle was maced, subdued, and removed from the unit. Plaintiff claims the Defendants placed him in a segregation unit with individuals charged with first and second degree felonies, when he is charged only with a non-violent fourth degree felony. He asserts the Defendants failed to protect him.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff's claims against the three Defendants are redundant, because all of his claims are construed against Erie County. Police departments and county jails are not *sui juris*, meaning they cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve and claims against them are claims against the municipality. *Id.* Similarly, a lawsuit against a public servant in his official capacity imposes liability on the office or municipality he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). In this case, Plaintiff sues the Erie County Jail and two Jail supervisors in their official capacities. All of these claims are construed against Erie County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision

officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff alleges he was housed with a violent inmate in the segregation unit. The Complaint contains no suggestion of a custom or policy of Erie County which may have resulted in the deprivation of a federally protected right of the Plaintiff.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

So Ordered.

/s/ Jamges G. Carr
Sr. U.S. District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.